ELECTRONICALLY FILED - 2018 Dec 18 3:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2607163

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE 15TH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | |
| | ) | |
| WENDY HALL-BROWN, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No: 2018-CP-26- |
| | ) | |
| v. | ) | |
| | ) | **SUMMONS** |
| VEREEN'S STORES INC., & | ) | (Jury Trial Requested) |
| FRANKIE J. VEREEN, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

TO THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy which is served upon you, and to serve a copy of your Answer of the Complaint with the Horry County Clerk of Court at 1301 2nd Avenue, Conway, South Carolina, 29526 and on the Law Office of William J. Luse., located at 917 Broadway Street, Myrtle Beach, South Carolina, 29577, within thirty (30) days after service on you, exclusive of the date of such service; **and if you fail to Answer this Complaint within thirty (30) days, judgment by default will be rendered against you in Court for the relief demanded in the Complaint.**

**Law Office of William J. Luse**

S/William J. Luse
William J. Luse, Esquire
Attorney for the Plaintiff
SC Bar No: 72790
917 Broadway Street
Myrtle Beach, SC 29577
Phone: 843-839-4795, Fax: 843-839-4815
bill@getlusenow.com

Myrtle Beach, SC
December 18, 2018

1

**EXHIBIT A**

ELECTRONICALLY FILED - 2018 Dec 18 3:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2607163

STATE OF SOUTH CAROLINA     )     IN THE COURT OF COMMON PLEAS
                             )     FOR THE FIFITEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY           )

WENDY HALL-BROWN,       )

        Plaintiff,       )     Civil Action No: 2018-CV-26-

        v.            )

                            )     **COMPLAINT**
VEREEN'S STORES, INC., &    )     (Jury Trial Requested)
FRANKIE J. VEREEN,       )

        Defendant(s).     )
_____)

The Plaintiff, by and through her undersigned counsel, does hereby make the following claims and allegations.

### JURISIDICTION

1. Vereen's Stores Inc. is a business located in the town of Longs in Horry County, South Carolina. Vereen's Stores Inc. contracts in, does business in, and derives benefit from the laws of the town of Longs, Horry County and the State of South Carolina.

2. Defendant, Frankie J. Vereen, is the owner and registered agent of Vereen's Stores Inc. Defendant Frankie J. Vereen is a resident of Longs, South Carolina and within the jurisdiction of this Honorable Court. The address of the registered agent Frankie J. Vereen is 2959 Highway 90 in Longs, SC.

3. Plaintiff, Wendy Hall-Brown (hereinafter referred to as Plaintiff), is now a resident of the State of Nevada. Any and all actions related to this lawsuit all occurred in Longs, South Carolina and are within the jurisdiction of this Honorable Court.

4. That all parties and subject matter herein mentioned are within the jurisdiction of this Honorable Court.

2

ELECTRONICALLY FILED - 2018 Dec 18 3:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2607163

## FACTS

5. The conduct of the Defendant(s) violated South Carolina law and the Fair Labor Standards Act.

6. Plaintiff began working for the Defendant(s) Vereen's Stores Inc. and Frankie Vereen as an employee on or about October of 2013.

7. Plaintiff reported to the same place of work every day at the Defendant(s) store located at 8862 Highway 90 in Longs, SC.

8. Plaintiff worked at the Defendants(s) Longs, SC location for approximately three and one half years from October of 2013, until on or about her wrongful termination in late February of 2017.

9. Plaintiff was wrongfully terminated by the Defendant(s) on or about late February of 2017.

10. Plaintiff worked as a salaried employee for the Defendant(s) starting in October of 2013. Plaintiff's salary at the time of her wrongful termination in February of 2017 was $35,000.00.

11. Upon information and belief Defendant(s) made Plaintiff a salaried employee in an effort to avoid paying the Plaintiff overtime pay for her required overtime work.

12. The Plaintiff did not qualify for any "white collar" exemption under the Fair Labor Standards Act.

13. During the last three years Plaintiff did not manage two or more full time employees of the Defendant(s).

14. The Plaintiff did not have the authority to hire or fire any of the Defendants(s) other employees.

15. The Plaintiff worked in the Defendant(s) retail store and would greet customers, help with sales and keep track of inventory in the Defendant(s) store.

16. Although the Defendant(s) paid the Plaintiff as a salaried employee the Plaintiff did not qualify for any "white collar exemption" under the FLSA. The Plaintiff should have been paid by the hour and paid time and a half for any overtime hours she worked.

17. The Defendant(s) deliberately paid the Plaintiff a salary in an effort to avoid paying the Plaintiff time and a half for her overtime work.

18. The Plaintiff routinely worked over forty (40) hours in a work week but did not receive overtime wages for her overtime work.

19. The Plaintiff's salary of $35,000.00 breaks down to an hourly pay of $16.83 an hour for a forty (40) hour work week.

20. The Plaintiff's overtime hourly rate while working for the Defendant(s) should have been $25.25 per hour.

21. The Plaintiff is entitled to receive $25.25 for every overtime hour she worked for the Defendant(s) from December 18, 2015 through the filing of this lawsuit.

22. The Plaintiff is entitled to receive an amount equal to her unpaid overtime as liquidated damages under the FLSA.

23. The Plaintiff is entitled to attorney's fees and costs of this action for pursuing her overtime claim under the FLSA.

24. In October or November of 2016 the Plaintiff told her manager Bob, that she believed the Defendant(s) were wrongfully paying her a salary and that she believed she should be paid as an hourly employee and entitled to receive overtime pay at time and a half for her work over forty (40) hours in a week.

4

ELECTRONICALLY FILED - 2018 Dec 18 3:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2607163

ELECTRONICALLY FILED - 2018 Dec 18 3:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2607163

25. The Plaintiff continued to work as a salaried employee for the Defendant(s) despite the Plaintiff's complaints to the Defendant(s) that she did not qualify as an exempt "white collar" employee and that she should be paid by the hour for her work and be eligible for overtime pay.

26. Plaintiff routinely worked from 7:15 am to 5:00 pm without a lunch break for the Defendant(s) on Monday's through Friday's at total of 48.75 hours.

27. In addition, the Plaintiff routinely worked Saturday's from 7:15 am until noon without a lunch break while working for the Defendant(s) a total of 4.75 hours each Saturday.

28. Plaintiff routinely worked an average of 53.5 hours a week for the Defendant(s).

29. The Plaintiff did not receive any overtime pay for the 13.5 hours of overtime she was required to work each week for the Defendant(s). This equates to $340.88 a week in overtime pay the Plaintiff is owed for her overtime work while employed by the Defendant(s).

30. The Plaintiff was required to work her scheduled hours from 7:15 am to 5:00 pm Monday through Friday and from 7:15 am until 12:00 pm on Saturday or she would have been terminated from her position by the Defendant(s).

31. In early 2017 the Plaintiff continued to complain to the Defendant(s) that she should not be required to work overtime without being paid time and a half for her work as she was not an exempt "white collar" employee.

32. Despite the Plaintiff's numerous complaints to the Defendant(s) regarding her pay the Defendant(s) continued to force the Plaintiff to work overtime hours without being compensated at time and a half for her overtime hours.

5

ELECTRONICALLY FILED - 2018 Dec 18 3:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2607163

33. The Plaintiff continued to complain to the Defendant(s) about not receiving overtime pay. As a result of the Plaintiff's complaints regarding her wages the Defendant(s) terminated the Plaintiff on or about February 21, 2017.

34. That to date, the Plaintiff has still not received any overtime pay from the Defendant(s).

35. The Defendant(s) behavior in terminating the Plaintiff from her job for inquiring about overtime wages is shocking and utterly intolerable in a civilized community.

36. Plaintiff suffered from severe emotional distress as a result of the Defendant(s) outrageous behavior in terminating her from her position for the Plaintiff inquiring about her overtime wages.

37. That as a direct and proximate result of the Defendant(s) actions in not paying the Plaintiff time and a half for her overtime work, the Defendant(s) have violated the Fair Labor Standards Act. Plaintiff is entitled to her back owed overtime pay, an equal amount in liquidated damages and attorney's fees and costs of this action for the Defendant(s) violation of the Fair Labor Standards Act.

38. That as a direct and proximate result of the Defendant(s) actions in terminating the Plaintiff from her job as a result of the Plaintiff complaining about not receiving overtime pay the Defendant(s) have violated a clear mandate of public policy and the Plaintiff is entitled to recover actual, consequential, incidental and special damages.

39. That as a direct and proximate result of the Defendant(s) outrageous behavior in terminating the Plaintiff from her job for inquiring about overtime wages for the overtime hours she worked the Plaintiff is entitled to recover actual and punitive damages.

### FOR A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Paragraphs one (1) through thirty-nine (39) are hereby incorporated verbatim.

ELECTRONICALLY FILED - 2018 Dec 18 3:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2607163

41. At all material times, Defendant(s) have been an employer within the meaning of the FLSA.

42. At all material times, Defendant(s) have operated an enterprise within the meaning of the FLSA.

43. At all material times, Defendant(s) have operated an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

44. At all material times, Plaintiff was engaged in commerce as required by the FLSA.

45. At all times, the Plaintiff was a non-exempt employee of the Defendant(s).

46. The Plaintiff routinely worked more than forty (40) hours in a work week while working for the Defendant(s). (Plaintiff averaged 53.5 hours a week)

47. The Plaintiff never received time and a half pay for any of the overtime hours that she worked for the Defendant(s).

48. Defendant(s) violated the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, 29 U.S.C. § 207 when the Defendant(s) failed to pay the Plaintiff time and a half for all hours the Plaintiff worked over forty (40) hours in a work week.

49. Defendant(s) have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 207, by failing to pay Plaintiff overtime pay at one and one half times (1.5) her regular rate for all hours in excess of forty (40) hours worked during each seven-day work period.

50. Defendant(s) have not made a good faith effort to comply with the FLSA. Rather, the Defendant(s) knowingly, willfully, and/or with reckless disregard carried out their illegal pattern or practice regarding Plaintiff's overtime compensation by paying the Plaintiff a salary in an attempt to avoid paying Plaintiff time and a half while continuing to force Plaintiff to work overtime hours.

ELECTRONICALLY FILED - 2018 Dec 18 3:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2607163

51. Plaintiff has suffered damages as a direct and proximate result of the Defendant(s) actions.

52. Plaintiff is entitled to recover actual damages and liquidated damages against the Defendant(s) for the non-payment of overtime wages as well as reasonable attorneys fees and costs as provided under 29 U.S.C. § 216(b).

## FOR A SECOND CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION
## OF A CLEAR MANDATE OF PUBLIC POLICY

53. Paragraphs one (1) through fifty-two (52) are hereby incorporated verbatim.

54. Plaintiff was terminated from her position with the Defendant(s) in violation of a clear mandate of public policy when the Defendant(s) retaliated against the Plaintiff for making complaints concerning receiving overtime wages for overtime hours worked.

55. Plaintiff was wrongfully terminated on or about late February of 2017.

56. The Citizens and residents of Longs in Horry County, South Carolina, including the Plaintiff, have a right to expect their employers, including, but not limited to, the Defendant(s) to pay employees time and a half for overtime work done on the employers' behalf.

57. The Citizens and residents of Longs in Horry County, South Carolina, including the Plaintiff, have a right to expect their employers, including, but not limited to, the Defendant(s) to pay their employees for all of the hours they have work on the employers' behalf.

58. The Citizens and residents of Longs in Horry County, South Carolina, including the Plaintiff, have the right to expect their employer, including, but not limited to, the

ELECTRONICALLY FILED - 2018 Dec 18 3:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2607163

Defendant(s) to treat their employees fairly and not retaliate against their employees for reporting SC wage violations and or violations of the Fair Labor Standards Act.

59. As a result of her termination in violation of a clear mandate of public policy the Plaintiff has been damaged and has incurred actual, consequential, and incidental damages. Additionally, the Plaintiff is entitled to recover special damages in the amount of retirement and medical benefits and wages lost.

## FOR A THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Paragraphs one (1) through fifty-nine (59) are hereby incorporated verbatim.

61. The Defendant(s) intentionally or recklessly inflicted severe emotional distress or were certain or substantially certain that such distress would result from the Defendant(s) conduct when Defendant(s) terminated the Plaintiff for inquiring about receiving overtime pay for the overtime hours she routinely worked.

62. The Defendant(s) conduct in terminating the Plaintiff from her position for the Plaintiff pursuing getting paid overtime wages for the overtime hours she had worked is so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable, in a civilized community.

63. The Defendant(s) actions in terminating the Plaintiff for inquiring about overtime wages did cause the Plaintiff severe emotional distress.

64. The emotional distress suffered by the Plaintiff was severe so that no reasonable person could be expected to endure it.

65. As a direct and proximate result of the Defendant(s) outrageous behavior the Plaintiff suffered damages and is entitled to recover both actual and punitive damages.

## PRAYER FOR JUDGMENT

9

ELECTRONICALLY FILED - 2018 Dec 18 3:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2607163

WHEREFORE, the Plaintiff prays for damages against the Defendant(s) in the amount

of:

A) Actual damages;

B) Consequential damages;

C) Incidental damages;

D) Special damages;

E) Liquidated damages;

F) Punitive damages;

G) Reasonable Attorney's fees;

H) Costs of this action;

I) Any and all damages as allowed under the Fair Labor Standards Act 29 U.S.C. § 201

   *et. seq.*, 29 U.S.C. § 207, 29 U.S.C. § 216(b);

J) For a Ruling that the Defendant(s) violated the Fair Labor Standards Act;

K) Other damages such as this Honorable Court deems appropriate and just.

**Law Office of William J. Luse, Inc.**

S/William J. Luse
William J. Luse, Esquire
SC Bar No: 72790
Attorney for the Plaintiff
917 Broadway Street
Myrtle Beach, SC 29577
Phone: 843-839-4795, Fax: 843-839-4815
bill@getlusenow.com

December 18, 2018

Myrtle Beach, SC

10