## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| Wendy Hall-Brown,<br><br>        Plaintiff,<br><br>v.<br><br>Vereen's Stores, Inc., &<br>Frankie J. Vereen,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     CASE NO. 4:19-cv-00451-RBH<br><br><br><br>**ANSWER & AFFIRMATIVE<br>DEFENSES** |

Vereen's Stores, Inc., & Frankie J. Vereen ("**the Defendants**"), answering the Complaint of Wendy Hall-Brown ("**Plaintiff**"), would respectfully show and allege unto this Honorable Court as follows:

### FIRST DEFENSE

1. Each and every allegation not admitted, modified, or qualified is denied and strict proof demanded thereof.

2. The allegations in Paragraph 1 are directed solely at Vereen's Stores, Inc. ("**Vereen's Stores**"). In responding to the allegations in Paragraph 1, Vereen's Stores admits only so much of Paragraph 1 as follows: Vereen's Stores is a business with a location in the town of Longs, South Carolina, which is situated in Horry County, South Carolina; and Vereen's Stores does business in Longs, South Carolina. The remaining allegations in Paragraph 1 allege Vereen's Stores "contracts in" and "derives benefit from the laws of the town of Longs, Horry County and the State of South Carolina." Vereen's Stores is not sure of the meaning of these allegations, and because these allegations are ambiguous, confusing, unlimited in time and scope, vague, and appear to be conclusions of law, Vereen's Stores denies them and demands strict proof thereof.

1

3. The allegations in Paragraph 2 are directed solely at Frankie J. Vereen. In responding to the allegations in Paragraph 2, Frankie J. Vereen admits only so much of Paragraph 2 as follows: Frankie J. Vereen is the registered agent for Vereen's Stores; the address of the registered agent for Vereen's Stores is a matter of public record, as reflected on the South Carolina Secretary of State's webpage, and Frankie J. Vereen would crave reference to that public record in response to the allegations in Paragraph 2 concerning the address of the registered agent for Vereen's Stores; and Frankie J. Vereen is a resident of Longs, South Carolina. The allegations concerning the "jurisdiction of this Honorable Court" constitute conclusions of law that Frankie J. Vereen is neither required to admit nor deny. To the extent further response is required, Frankie J. Vereen denies the conclusions of law asserted therein and demands strict proof thereof. The remaining allegations in Paragraph 2 are denied and strict proof demanded thereof.

4. The Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 3 pertaining to Plaintiff's residency; therefore, the Defendants deny these allegations and demand strict proof thereof. The allegations concerning the "jurisdiction of this Honorable Court" constitute conclusions of law that Defendants are neither required to admit nor deny. To the extent further response is required, Defendants deny the conclusions of law asserted therein and demand strict proof thereof. The Defendants object to responding to the remaining allegations in Paragraph 3 as the allegations therein are ambiguous, confusing, and vague. Subject to and without waiving these objections and subject to the Defendants understanding of them, the Defendants are not sure what "actions related to this lawsuit" Plaintiff is referring to in Paragraph 3. As such, these allegations are denied and strict proof demanded thereof.

5.     Paragraph 4 asserts conclusions of law that Defendants are neither required to admit nor deny.  To the extent further response is required, Defendants deny the conclusions of law asserted therein and demand strict proof thereof.

6.     The Defendants deny the allegations in Paragraph 5 and demand strict proof thereof.

7.     The Defendants admit only so much of Paragraph 6 that Plaintiff's employment with Vereen's Stores began in October 2013.  The remaining allegations in Paragraph 6 are denied and strict proof demanded thereof.

8.     The Defendants admit only so much of Paragraph 7 that while Plaintiff worked for Vereen's Stores, she worked at the address 8862 Highway 90 in Longs, South Carolina.  The remaining allegations in Paragraph 7 are denied and strict proof demanded thereof.

9.     The Defendants admit only so much of Paragraphs 8 and 9 that Plaintiff was terminated from her employment with Vereen's Stores in February 2017.  The remaining allegations in Paragraphs 8 and 9 are denied and strict proof demanded thereof.

10.    The Defendants admit only so much of Paragraph 10 that at the time of her termination from Vereen's Stores, Plaintiff was a salaried employee of Vereen's Stores, receiving a salary in the amount of Thirty Five Thousand and 00/100 ($35,000.00) Dollars per year, plus commissions based on the total sales of the retail store.  The remaining allegations in Paragraph 10 are denied and strict proof demanded thereof.

11.    The Defendants deny the allegations in Paragraphs 11, 12, 13, and 14 and demand strict proof thereof.

12. The Defendants admit only so much of Paragraph 15 as follows: Plaintiff worked in Vereen's Stores retail store; and along with other job duties, Plaintiff was in charge of inventory. The remaining allegations in Paragraph 15 are denied and strict proof demanded thereof.

13. The Defendants deny the allegations in Paragraphs 16 and 17 and demand strict proof thereof.

14. The Defendants admit only so much of Paragraph 18 that Vereen's Stores did not pay overtime to Plaintiff, because she was not legally entitled to it. The remaining allegations in Paragraph 18 are denied and demand strict proof thereof.

15. The Defendants deny the allegations in Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28 and demand strict proof thereof.

16. The Defendants admit only so much of Paragraph 29 that Vereen's Stores did not pay overtime to Plaintiff, because she was not legally entitled to it. The remaining allegations in Paragraph 29 are denied and demand strict proof thereof.

17. The Defendants deny the allegations in Paragraphs 30, 31, 32, and 33 and demand strict proof thereof.

18. The Defendants admit only so much of Paragraph 34 that Vereen's Stores did not pay overtime to Plaintiff, because she was not legally entitled to it. The remaining allegations in Paragraph 34 are denied and demand strict proof thereof.

19. The Defendants deny the allegations in Paragraphs 35, 36, 37, 38, 39, and 40 and demand strict proof thereof.

20. Paragraphs 41, 42, 43, 44, and 45 assert conclusions of law that Defendants are neither required to admit nor deny. To the extent further response is required, Defendants deny the conclusions of law asserted therein and demand strict proof thereof.

21. The Defendants deny the allegations in Paragraphs 46 and demand strict proof t hereof.

22. The Defendants admit only so much of Paragraph 47 that Vereen's Stores did not pay overtime to Plaintiff, because she was not legally entitled to it. The remaining allegations in Paragraph 47 are denied and demand strict proof thereof.

23. The Defendants deny the allegations in Paragraphs 48, 49, 50, 51, 52, 53, and 54 and demand strict proof t hereof.

24. The Defendants admit only so much of Paragraph 55 that Vereen's Stores terminated Plaintiff in February 2017. The remaining allegations in Paragraph 55 are denied and strict proof demanded thereof.

25. Paragraphs 56, 57, and 58 are not premised upon an accurate understanding of the law. In responding to the allegations in these paragraphs, the Defendants crave reference to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("**FLSA**"), and the exceptions to the overtime provisions of the FLSA as expressed in law. The FLSA and its exceptions dictate whether employees should or should not receive overtime.

26. The Defendants deny the allegations in Paragraphs 59, 60, 61, 62, 63, 64, 65, and all prayers for judgment and demand strict proof thereof.

## SECOND DEFENSE

27. The Defendants affirmatively plead the statute of limitations of the FLSA as a defense to the allegations asserted in the Complaint. Any alleged failure to pay overtime compensation to Plaintiff, which is specifically denied, was not willful; therefore, the statute of limitations for this action should be limited to two (2) years.

## THIRD DEFENSE

5

28. The claims asserted against the Defendants are barred, in whole or in part, for failure to prove damages as a result of the allegations asserted.

## FOURTH DEFENSE

29. The claims asserted against the Defendants are barred, in whole or in part, for failure to mitigate damages.

## FIFTH DEFENSE

30. The claims asserted against the Defendants are barred in whole or in part by the *de minimis* rule. *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350 (4th Cir. 2011).

## SIXTH DEFENSE

31. Any recovery by Plaintiff, to the extent there is any, is barred in whole or in part as a result of the doctrine of election of remedies. The Plaintiff seeks duplicate remedies under multiple causes of action that would result in double recovery.

## SEVENTH DEFENSE

32. Plaintiff's potential remedies may be barred, in whole or in part, because of the presence of certain after-acquired evidence that demonstrates wrongdoing on the part of the Plaintiff and demonstrates that Plaintiff's services would have been terminated on those grounds alone if Vereen's Stores would have known of this after-acquired evidence during the time Plaintiff worked for Vereen's Stores.

## EIGHTH DEFENSE

33. Defendants have not willfully or intentionally failed to pay any compensation to Plaintiff to justify any awards of penalties or fees or of punitive damages or to allow the Plaintiff to extend the statute of limitations on her FLSA claims to three (3) years.

## NINTH DEFENSE

34. The Defendants assert the doctrine of preemption as an affirmative defense.

## TENTH DEFENSE

35. Plaintiff's wrongful termination cause of action is barred because there is an available statutory remedy for her alleged termination.

## ELEVENTH DEFENSE

36. The Defendants assert the at-will employment doctrine as an affirmative defense.

## TWELFTH DEFENSE

37. The Plaintiff waived her rights to sue by accepting paychecks without lodging complaints.

## THIRTEENTH DEFENSE

38. Plaintiff cannot recover for alleged injuries that occurred during and in the course of employment. Exclusive jurisdiction over disputes between employees and employer for injuries occurring during and in the course of employment lies within the Workers' Compensation Commission.

## FOURTEENTH DEFENSE

39. The claims asserted against the Defendants are barred in whole or in part by the doctrine of avoidable consequences, as Plaintiff never reported any of the allegations in the Complaint to Vereen's Stores during her employment with Vereen's Stores. Vereen's Stores is committed, and has been committed, to full compliance with the FLSA. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275 (1998).

## FIFTEENTH DEFENSE

7

40.     Any alleged failure by Vereen's Stores to pay overtime compensation to Plaintiff, which is specifically denied, was in good faith and based upon a reasonable belief that the Plaintiff was fully compensated.  29 U.S.C. §§ 259-260.  Further, any alleged failure by Vereen's Stores to pay overtime compensation to Plaintiff, which is specifically denied, was in good faith and based upon a reasonable belief that Vereen's Stores payroll practices were not a violation of the FLSA.  Therefore, it would be unfair to impose upon Vereen's Stores any more than a compensatory verdict.

## SIXTEENTH DEFENSE

41.     To the extent that Vereen's Stores may be found to have taken any actions relevant to Plaintiffs' allegations, which is specifically denied, such actions were, at all relevant times, motivated by good faith.  Vereen's Stores acted at all times in good faith towards Plaintiff and had no intent to injure her or cause her damages.

## SEVENTEENTH DEFENSE

42.     Plaintiff's claims for overtime compensation fail as a matter of law because Plaintiff is exempt from overtime under the applicable exceptions to the overtime requirements of the FLSA.  While not exhaustive, Plaintiff appears to be exempt under the executive and administrative exemptions.

**WHEREFORE**, having answered the Complaint, the Defendants pray that the same be dismissed with prejudice, that the Court award the Defendants such relief as this Court may deem just and proper.

                                      **BURR & FORMAN LLP**

                                    *s/James K. Gilliam*
                                    James K. Gilliam, Fed ID #10761
                                    2411 N. Oak Street, Suite 206 (29577)
                                    Post Office Box 336
                                    Myrtle Beach, SC 29578-0336
                                    Ph:     843.444.1107
                                    Fax:    843.443.9137
                                    Email: jgilliam@burr.com
                                    *Attorney for the Defendants*

Myrtle Beach, South Carolina

February 19, 2019